UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ROSALIO ALEJANDRO GONZALEZ-SILVA,<br><br>    Defendant. | Case No.: 20-MJ-20081-BLM-CAB<br><br>**ORDER RE APPEAL OF MAGISTRATE JUDGE DECISION**<br><br>[Doc. No. 39] |

The Defendant Rosalio Alejandro Gonzalez-Silva ("Defendant") appeals from his conviction in a bench trial before a U.S. magistrate judge for attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). The magistrate judge had original jurisdiction to conduct the trial under 28 U.S.C. § 636(a)(4) and 18 U.S.C. § 3401. This Court has jurisdiction pursuant to 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2). Defendant has timely appealed.

## I. BACKGROUND

On January 9, 2020, Customs and Border Patrol Agent Arturo Arreola was performing line-watch duties patrolling in the Southern District of California at the Campo Station in Pine Valley. He received a notification that there was a group of people jumping the border fence. In response, Agent Arreola responded to a location one-half to three-quarters of a mile north of the U.S.-Mexican border and 12-14 miles from the Tecate Port of Entry. He shortly thereafter encountered Defendant, who ran past him going north from the border fence. Agent Arreola ordered Defendant to stop, kneel, and lay flat on his stomach. Defendant complied with these instructions, and Agent Arreola handcuffed him.

After handcuffing Defendant, Agent Arreola asked Defendant if he was inspected at a port of entry, what his citizenship status was, whether he had an identification card, and how he crossed into the United States. Defendant "provided the officer with his Mexican voter card and stated that he was not inspected at a port of entry, that he was a Mexican citizen, and that he jumped over the fence a few minutes earlier." [Doc. No. 52 at 3]. Defendant was then transported to the Campo Station, where he was read his *Miranda* rights and was interrogated about his entry into the United States. During that interrogation, Defendant admitted again to entering the United States illegally, stating that "he did not have permission or authorization to be in the United States." [Doc. No. 52 at 4]. Additionally, after further investigation, Agent Arreola discovered Defendant had an existing A-File. The A-File contained an immigration judge's removal order from January 2010. [Doc. No. 52-1].

Defendant was charged with attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). A bench trial was held on July 17, 2020, and the magistrate judge found Defendant guilty.

Defendant challenges his conviction for four reasons: (1) the trial court erred in denying Defendant's motion to suppress his field statements; (2) the trial court erred in denying Defendant's motion to suppress evidence of his prior removal; (3) the trial court

erred in allowing Defendant's Mexican Voter Card to be used to refresh the recollection of a witness; and (4) the trial court erred in denying Defendant's motion to dismiss for failure to allege knowledge of alienage.[1]

## II. LEGAL STANDARD

This Court reviews the lower court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). An evidentiary ruling will be reversed for an abuse of discretion only if any nonconstitutional error more likely than not affected the verdict. *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000). A trial court abuses its discretion if the decision is "(1) illogical, (2) implausible, or (3) without support in inferences that may be draw from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (*en banc*).

A claim of insufficient evidence to support a verdict is reviewed *de novo*. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997).

"When an objection to an evidentiary ruling is not properly reserved, plain error review applies." *United States v. Koziol*, 993 F.3d 1160, 1183 (9th Cir. 2021). "Plain error review occurs when there is (1) an error; (2) that is plain; (3) that affects substantial rights; and, if (1)-(3) are met, (4) seriously affects the fairness, integrity, or public reputation of the proceeding. . . . An error affects a defendant's substantial rights when it affect[s] the outcome of the proceedings." *United States v. Doe*, 705 F.3d 1134, 1148 (9th Cir. 2013) (internal citations omitted).

---

[1] As Defendant notes, his argument regarding failure to allege knowledge of alienage is barred by the Ninth Circuit decision in *United States v. Rizo-Rizo*, 16 F.4th 1292 (9th Cir. 2021). As such, this argument will not be addressed in this order.

## III. DISCUSSION

### 1. <u>It Was Not an Abuse of Discretion for the Trial Judge to Deny Defendant's Motion to Suppress his Field Statements</u>

Defendant argues that his motion to suppress the statements he made to Agent Arreola should have been granted because those statements were made prior to Defendant receiving his *Miranda* warnings. Defendant argues that the language used by Agent Arreola, their physical surroundings, and the duration of the detention constituted a custodial interrogation rather than an investigative stop.

The Ninth Circuit has repeatedly disagreed with Defendant's argument. It is well known that "the question of whether a person is in custody or otherwise deprived of his freedom of action in any significant way, [pursuant to *Miranda*], is answered by reviewing the totality of facts involved at the time of the alleged restraint." *U.S. v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009) (internal quotes and citations omitted). Where an agent has reasonable suspicion to believe "that individuals are illegally present in the country and question [them] regarding their citizenship and immigration status, [they] are not in custody for *Miranda* purposes." *Id.* at 520; *See also United States v. Ramirez-Villalba*, No. 06-50646, 2007 WL 2044306 at *1 (9th Cir. July 13, 2007) (finding no custodial interrogation where an agent "waited until the individuals noticed him, identified himself as a border patrol agent, and asked the individuals questions related to whether they were legally in the United States").

Here, Agent Arreola was notified that a group of individuals jumped the border, observed Defendant running north approximately one-half to three-quarters of a mile away from the border, and stopped him. The questions he asked were specific to Defendant's immigration status. Defendant argues that Agent Arreola's actions amounted to a custodial arrest because Defendant was required to lay face down prior to being handcuffed and the agent had his service weapon on him. However, in *Medina-Villa*, the Ninth Circuit found that an agent who restricted the ability of individuals to leave by blocking their car and approached them with his gun drawn prior to questioning them

about their immigration status did not constitute a custodial interrogation. The agent's conduct here is significantly less egregious and requires a conclusion that this was an investigative stop, where Defendant was asked questions "reasonably related in scope to the justification for their initiation." *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

Defendant also argues that racial bias played a factor in the reason why he was stopped. However, the totality of the circumstances surrounding his interaction with Agent Arreola warranted a stop for suspected illegal entry. Again, Defendant was found running in the middle of brush near the border after Agent Arreola received information that a group of individuals recently jumped over the border fence. Regardless of Defendant's race, Agent Arreola had reasonable suspicion to stop Defendant and the magistrate judge did not abuse her discretion when denying Defendant's motion to suppress his field statements.

## 2. **It Was Not Plain Error for the Trial Judge to Admit Evidence of Defendant's Prior Removal**

Defendant argues that the Best Evidence Rule was violated where the magistrate judge allowed the prior order of removal contained in Defendant's A-File be admitted into evidence rather than the official recording of the immigration judge's removal hearing.

Prior to trial, Defendant brought a motion to suppress evidence of his prior removals, arguing that the prior removal order should be suppressed because it would violate the Due Process clause, as it was a predicate element of a § 1326 violation and the Defendant had a right to attack it. [Doc. No. 14 at 12]. The motion did not include any mention of the Best Evidence Rule. Judge Major denied the motion because a valid removal order was not a predicate element of § 1325(a)(1), the specific offense of which the Defendant was charged. [Doc. No. 46 at 11]. At trial, Defendant protested to the admittance of the A-File into evidence because it did not include the tape of the removal hearing. This objection was not based on the Best Evidence Rule, but on the same Due

Process argument. [Doc. No. 47 at 13-22]. Accordingly, the present argument is reviewed for plain error.

The Court is not convinced that the magistrate judge conducted plain error in denying Defendant's motion or allowing the A-file to be admitted into evidence absent a recording of the removal hearing. The Due Process argument made by Defendant in the motion to suppress, and again raised at trial, did not apply to Defendant's case. That argument would be correct in violations of 8 U.S.C. § 1326, but Defendant was charged with a violation of § 1325(a)(1).

Even if Defendant argued the Best Evidence Rule in his motion to suppress or at trial, the magistrate judge would not have abused her discretion in denying that argument or overruling that objection. Federal Rule of Evidence 1002 states that "an original writing, recording, or photograph is required in order to prove its content unless the rules or a federal statute provides otherwise."

The Government called the A-File custodian, border patrol agent Ivan Hernandez, to testify about the contents of Defendant's A-File, which included the removal order. The Court finds that, in this context, a signed order by an immigration judge that states the Defendant was ordered to be removed from the United States constitutes an "original writing" to prove that Defendant was ordered to be removed from the United States pursuant to Rule 1002. Regardless, the magistrate judge noted that her decision would be the same regardless of the documents contained in the A-file. [Doc. No. 47 at 97]. Therefore, the magistrate judge's actions did not constitute plain error that substantially affected Defendant's rights.

**3. It Was Not an Abuse of Discretion or Plain Error for the Trial Judge to Allow Defendant's Mexican Voter Card to Refresh a Witness's Recollection**

Defendant argues that it was error to allow the Government to refresh Agent Arreola's recollection with a copy of Defendant's Mexican Voter Card, because the Card was hearsay and not authenticated. The authentication argument was first raised on appeal and need only be reviewed for plain error.

The Federal Rules of Evidence on hearsay and authentication set forth rules for evidence offered to be admitted into the record. *See* Fed. R. Evid. 801-803, 902. As for evidence used to refresh a witness's recollection, there are "few if any limitations upon the kind of material that may be used." *Johnston v. Earle*, 313 F.2d 686, 688 (9th Cir. 1962). "Indeed, even inadmissible evidence may be used to refresh a witness's recollection." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

The copy of Defendant's Mexican Voter Card was not admitted into evidence, it was merely an exhibit. It was not proffered for the truth of the matter asserted, and thus could not be hearsay. Because it was only being used to refresh the recollection of the Agent Arreola, it need not be authenticated as required by Rule 902(3). Accordingly, the magistrate judge did not abuse her discretion or commit plain error in allowing Defendant's Mexican Voter Card to be used to refresh Agent Arreola's recollection.

## IV.   CONCLUSION

Defendant has not established that any of the accused conduct constitutes an abuse of discretion or plain error by the magistrate judge. The Government's evidence taken as a whole constituted sufficient corroboration of Defendant's repeated admissions of his alienage such that a rational factfinder could find Defendant guilty beyond a reasonable doubt. Therefore, Defendant's conviction is **AFFIRMED.**

Dated:  July 17, 2023

Hon. Cathy Ann Bencivengo
United States District Judge